UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                    Case No. 08-20498
v.                                        Honorable Thomas L. Ludington

LERON DAVIS,

        Defendant.
_____/

## ORDER STAYING PROCEEDINGS REGARDING PETITIONER'S MOTION FOR RETROACTIVE APPLICATION OF REVISED SENTENCING GUIDELINES AND SCHEDULING HEARING ON MOTION

In 2009, Petitioner Leron Davis pled guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). ECF Nos. 17, 18, 20. Pursuant to the plea agreement, the parties agreed that law enforcement officers located 19.06 grams of crack cocaine in Davis's pocket at the time of his arrest; laboratory analysis determined the substance to be five grams or more of cocaine base. ECF No. 17. Davis was sentenced to seventy months. ECF No. 24.

The Fair Sentencing Act of 2010, which took effect on August 3, 2010, modified the statutory penalties applicable to cocaine base offenses downwards. In April 2011, the Sentencing Commission submitted to Congress proposed amendments making some provisions of Fair Sentencing Act retroactive, effective November 1, 2011.

On August 29, 2011, Davis filed a motion for retroactive application of the revised sentencing guidelines. ECF No. 25. At the Court's request, the government responded to the motion. ECF No. 28. In its brief, the government contends that the motion is premature as the

amendment does not become effective until November 1, 2011, and only then if not disapproved by Congress.

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 130 S. Ct. 2683, 2690 (2010) (internal quotation marks and alterations omitted) (quoting 18 U.S.C. § 3582(b)). One such circumstance is set forth in § 3582(c)(2), which "establishes an exception to the general rule of finality in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) and made retroactive pursuant to § 994(u)," but only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Dillon*, 130 S. Ct. at 2690 (internal quotation marks omitted) (quoting 18 U.S.C. § 3582(c)(2)). "A court's power under § 3582(c)(2) thus depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive." *Dillon*, 130 S. Ct. at 2691. The Sentencing Commission's decision that its proposed amendment will not take effect until November 1, 2011, is thus binding on this Court.

Accordingly, it is **ORDERED** that the motion to stay the consideration of Petitioner's motion for retroactive application of the revised sentencing guidelines [Dkt. # 28] is **GRANTED**, and that a hearing on defendant's motion for retroactive application of sentencing guidelines [Dkt. # 25] is **SCHEDULED** for **December 13, 2011 at 2:30 p.m.**

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: September 23, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 23, 2011.

                                      s/Tracy A. Jacobs
                                      TRACY A. JACOBS